# Woodwell & Co. *versus* Brown & Kirkpatrick.

*Declarations accompanying Acts, admissible in Evidence as part of the* res gestæ.—*Agency, how proven.*

1. Where, in a feigned issue to decide the ownership of lumber levied on as the individual property of an agent by his creditors, a witness had testified to paying the proceeds of certain rafts to the agent, it was competent for the plaintiffs, the owners of the lumber, to prove, on re-examination, what the agent said when he received the money, as part of the *res gestæ.*

2. Agency may be shown by proof of the acts of the agent as such, and that they were recognised by his principal; and after the agency has been established, the agent's declarations, as part of his acts, are competent evidence on the part of the principal.

3. Contracts, not under seal, made by the agent in the name of his principal (who paid for the lumber contracted for), signed by him as agent, are admissible in evidence, being properly signed.

4. The answers of the court below to points presented, cannot be assigned for error, where they were substantially in favour of the party complaining.

ERROR to the Common Pleas of *Jefferson county*.

This was a feigned issue, under the Sheriff's Interpleader Act, to try the ownership of certain personal property levied on at the suit of Joseph Woodwell & Co., as the property of Henry Brown, but which was claimed by Brown & Kirkpatrick.

The issue was framed between Brown & Kirkpatrick as plaintiffs, and Woodwell & Co. as defendants. The verdict was for

[Woodwell & Co. *v.* Brown & Kirkpatrick.]

the plaintiffs; whereupon this writ was sued out by the defend-
ants.

All the material facts of the case and the legal points depend-
ing thereon, will be found in the opinion of this court.

The case was argued by *P. W. Jenks* for plaintiffs in error,
and by *Gordon & Bro.* for defendants.

The opinion of the court was delivered, November 25th 1862, by
Read, J.—The question involved in this feigned issue was
whether certain rafts lying at Pittsburgh, and levied upon by
Woodwell & Co. as the property of Henry Brown, belonged to
him or to Brown & Kirkpatrick. Brown & Kirkpatrick, as the
plaintiffs in the feigned issue, were bound to establish the pro-
perty affirmatively to be in themselves, but the court also held, at
the request of the defendants, that if Henry Brown, acting as
the confidential agent of the plaintiffs, mingled his own property
with that of his principal, so that it could not be distinguished,
the whole would be liable to seizure by his creditors. This en-
larged the case to be made out for the plaintiffs, for it then
became necessary to establish that Henry Brown owned no part
of the property levied upon, and this the verdict of the jury finds
to have been the fact. The question then is, was any error com-
mitted by the court, which improperly produced this finding.

Brown & Kirkpatrick were judgment-creditors of Henry Brown
and J. Steele, and upon executions issued against them, sold the
real and personal estate of Henry Brown, and became the pur-
chasers at sheriff's sale. It was alleged by the plaintiffs that
Brown was their agent, and that in all the transactions relating
to the property in dispute, he simply acted in that capacity, and
had no interest whatever in it or any part of it. The authority
not being in writing, this was proved as claimed by the plaintiffs
by several witnesses and by Brown. William Wilson, who had
charge of these and other rafts, and who testified that Brown
was the agent of the plaintiffs, and that he was acting under him
for them, and that they owned everything, on cross-examination,
was asked about paying the proceeds of two rafts to Brown, and
having answered the question, the plaintiffs' counsel proposed to
ask the witness what Henry Brown said at the time he paid him
the money, and the note for the two rafts run to market and
sold in March 1861, as testified to in his cross-examination, and
this as part of the *res gestæ*. This was objected to by the de-
fendants' counsel, the objection overruled by the court, and the
evidence admitted, which proved to be a complete explanation of
the whole transaction. Now it is clear that this was legal evi-
dence beyond all doubt, and was simply allowing the witness to
narrate the whole of the same transaction, instead of stating a
part, which did not give the court and jury its full and true

[Woodwell & Co. *v.* Brown & Kirkpatrick.]

character. There can be still less objection to proving by the acts of Brown that he was their agent, and that he was recognised as such by their reception of lumber and other acts. The contracts were really for and in the name of Brown & Kirkpatrick, and were properly admitted; and so also was the declaration of Brown at the time, as explanatory of his acts in having the timber rafted into the water for the plaintiffs. A *primâ facie* case of agency had been clearly made out, and was afterwards distinctly proved by Brown himself. This disposes of all the errors assigned upon the admission of evidence.

We cannot understand how the court could have answered more favourably the points covered by the fifth and sixth assignments of error, and the same observation applies to the remaining assignments of error. We have examined them carefully, and there is a substantial affirmance of all the defendants' points, with such qualifications as arose out of the case, and in the last, very properly leaving the question of delivery of the Guthrie & Willis timber, as a matter of fact, to the jury.

Upon the whole, the defendants have no cause of complaint, for every real question in the case was ruled substantially in their favour.

Judgment affirmed.